IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Richard Martinez, | No. CV 13-00133-TUC-JGZ (BPV) |
| Petitioner, | **REPORT AND RECOMMENDATION** |
| vs. | |
| Charles L Ryan, et al., | |
| Respondents. | |

On July 16, 2013, Petitioner, Richard Martinez, an inmate confined in the Arizona State Prison Complex Eyman – Browning Unit in Florence, Arizona, filed a *pro se* Petition for Writ of Habeas Corpus by a Person in State Custody, pursuant to Title 28, U.S.C. § 2254, with several exhibits attached[1]. (Doc. 1.)[2] Respondents have filed an answer to the petition ("Answer") with exhibits A through SS attached. (Docs. 20-22.) Pursuant to this Court's order, Respondents have also filed a supplemental answer ("Supplemental Answer") addressing Ground Four of the Petition. On May 6, 2014, Petitioner filed a reply ("Reply"). (Doc. 28.)

---

[1] The exhibits attached to the Petition, while not labeled, are sequentially numbered with handwritten page numbers in the lower right hand corner of each document. The Magistrate Judge refers to this number in identifying Petitioner's exhibits.

[2] "Doc." refers to the documents in this Court's file.

1
2

Pursuant to the Rules of Practice of this Court, this matter was referred to Magistrate Judge Bernardo P. Velasco for a Report and Recommendation. (Doc. 5.)

3
4
5

For the reasons discussed below, the Magistrate Judge recommends that the District Court enter an order DISMISSING the Petition.

6

### I.   FACTUAL AND PROCEDURAL BACKGROUND

7

A.   Plea agreement and sentencing

8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

On January 7, 2008 an indictment was returned by the grand jurors of Pima County in Arizona Superior Court, in cause number CR 20080065, charging Petitioner with several counts of armed robbery, aggravated assault with a deadly weapon, and possession of a deadly weapon by a prohibited possessor, arising from Petitioner's robbery of a bank by on December 17, 2007, and Petitioner's robbery of a fast-food restaurant on December 27, 2007.[3] *See* Ex. E, at 2; Ex. J, at 2. The State conceded Petitioner's arguments that he was denied a substantial procedural right during the State's presentation to the grand jury, and voluntarily remanded the case to the Grand Jury for a redetermination of probable cause. *See id;* Ex. J, at 2. Petitioner later argued that he objected to the voluntary remand, s*ee* Ex. H, at 3; Ex. J at 2;l Ex. M at 4, though the trial court characterized the remand issue as having been resolved "without objection," *see* Ex. J, at 2.

24
25
26

On April 8, 2004 a second indictment was returned charging Petitioner with four counts of armed robbery, seven counts of aggravated assault with a deadly weapon and

27
28

[3] While there is a minor discrepancy between the charges on which the State alleged Petitioner was indicted in the original indictment, because the original indictment is not in the record, and because the

two counts of possession of a deadly weapon by a prohibited possessor. Ex. A, Reporter's Transcript ("R.T.") at 16, 19; Ex. B. The State filed allegations of dangerous nature of the offense, prior convictions, and commission of a felony while on probation, parole, or other release. Ex. B.

Petitioner pled guilty to the indictment with the dangerous nature allegation. Ex. A, R.T. 10/07/08, at 3–4, 7–9, 14–25; Exs. B-C. As part of the plea[4], the State agreed: (1) not to recommend consecutive or concurrent sentences, (2) to dismiss the allegation of prior convictions for the repetitive offender sentencing provisions; and (3) to dismiss other pending charges in Pima County Superior Court Number CR-20080113 at the time of sentencing. Ex. A, R.T. 10/07/08, at 3–4; Ex. C, at 1. At the change of plea hearing, the trial court told Martinez that he would have to pay an undetermined amount of restitution to the victims, including Wells Fargo Bank, and that he faced a potential fine of $270,000. Ex. A, R.T. 10/07/08, at 11–12.

At the sentencing hearing on November 14, 2008, the State recommended consecutive sentences. Ex. D, R.T. 11/14/08, at 3, 6–10; *see* Ex. E, at 2–3. Defense counsel did not object. *See* Ex. D, R.T. 11/14/08, at 11-17. The trial court sentenced Martinez to a total term of 21 years in prison and ordered that he pay $6,622 in restitution to Wells Fargo Bank. *Id.* at 18–19; Ex. F, at 3–5.) All sentences were for the statutory presumptive term, but the trial court ordered that the sentences for the fast-food restaurant robbery be served consecutive to the sentences for the bank robbery. *See* Ex. D, R.T.

---

[4] Although Petitioner refers throughout to the state's breach of the plea agreement, because Petitioner pled to the indictment, there is no formal plea agreement signed by the parties and submitted to the court.

11/14/08, at 18–19; Ex. F, at 3–5. Thus, Martinez was sentenced to concurrent prison terms of 10.5 years each for three counts of armed robbery, 7.5 years each for three counts of aggravated assault, and 2.5 years for one count of weapons misconduct, for the December 17 bank robbery. Ex. D, R.T. 11/14/08, at 18; Ex. F, at 3–5. The court also sentenced Martinez to concurrent prison terms (but consecutive to the bank robbery) of 10.5 years for one count of armed robbery, 7.5 years each for four counts of aggravated assault, and 2.5 years for one count of weapons misconduct for the fast-food restaurant robbery. Ex. D, R.T. 11/14/08, at 18; Ex. F, at 3–5.

B.     First petition for post-conviction relief

On December 15, 2008, Petitioner initiated a state post-conviction relief ("PCR") proceeding by filing a notice of post-conviction relief.[5] Ex. G. Petitioner's PCR petition alleged three grounds for relief: "(1) the prosecutor agreed that he would not argue for consecutive sentences, but at sentencing, argued for consecutive sentences; (2) there was not a lawful indictment to which Martinez could plead guilty; and/or (3) trial counsel was ineffective in failing to object to the foregoing, and Martinez suffered prejudice." Ex. H.

The trial court heard argument on the petition and issued a ruling on October 27, 2009, finding the State did in fact breach its plea agreement by requesting consecutive sentences. Ex. J. at 2. On this issue, the trial court granted relief and ordered Petitioner to be resentenced in front of another judge. Ex. J. at 3. The trial court found the remaining two issues to be without merit, as Petitioner had received the relief he requested when the

_____

[5] This first petition for post-conviction relief proceeding, following judgment and conviction pursuant to a guilty plea, is known as Petitioner's "of-right" PCR proceeding. See Rule 32.1, Ariz.R.Crim.P.

matter was remanded to the Grand Jury, and nothing in the facts of the case indicated that the trial court would have dismissed the indictment with prejudice but for the State's voluntary remand. *Id*. The trial court further found no ineffectiveness of counsel, as the failure to object to the remand resulted in no prejudice to Petitioner, and the alleged ineffectiveness at sentencing was addressed by the grant of re-sentencing. *Id*. Additionally, the trial court found no factual basis to support Petitioner's argument that defense counsel should have argued to the Court that the detective testified intentionally falsely to the first Grand Jury. *Id*. Finally, the trial court denied Petitioner's request to withdraw from the plea, finding that Petitioner failed to show any manifest injustice that would justify a withdrawal from the plea agreement. *Id*. at 4.

On October 27, 2009, Petitioner filed a notice to the parties that he was rejecting the re-sentencing remedy. Ex. N.  Because Petitioner objected to the trial court's denial of his request to withdraw his plea, on November 6, 2009, the trial court stayed Petitioner's re-sentencing to allow Petitioner to file a petition for review with the Arizona Court of Appeals. *See* Ex. K, L. The trial court subsequently denied several motions filed by Petitioner requesting that he be allowed to remain in the Pima County Jail because he required the use of the law library. *See* Exs. O, Q. The trial court also denied Petitioner's motion to order his attorney to file a petition for review or appoint him new counsel, finding that Petitioner and his attorney disagreed on tactics, but that Petitioner failed to show ineffective assistance of counsel ("IAC") or grounds for appointment of new counsel, but granted an extension of time to allow Petitioner to file a *pro se* petition for review with the technical assistance of appointed counsel. Ex. Q at 3-4

On March 4, 2010, Petitioner filed a *pro se* petition for review, arguing that (1) the trial court abused its discretion by failing to dismiss the indictment with prejudice, (2) by denying Petitioner's request to withdraw from the plea agreement, and (3) by ruling that trial counsel was not ineffective at sentencing. Ex. M. The appellate court granted review but denied relief in a memorandum decision filed on August 17, 2010. Ex. R. The appellate court ruled that the trial court had not abused its discretion in ordering a re-sentencing, and that it would not consider any claim that the trial court abused its discretion in denying Petitioner's request to dismiss the indictment with prejudice because Petitioner made no such request in his PCR. *Id*. at ¶ 5 and n.2. The appellate also found that, while Petitioner's challenge to the grand jury proceedings was without merit, it was also waived by his guilty plea and therefore was precluded. *Id*. at ¶ 7. Additionally, the appellate court rejected Petitioner's argument that he "should be allowed to withdraw from the plea agreement" because he "did not receive[] the benefit" of the state's bargain, finding that the trial court's direction that Petitioner be re-sentenced by a different judge was an appropriate response to that assertion. *Id* at ¶ 8. Petitioner filed no further petition for review, and the mandate issued on September 23, 2010. *See* Ex. CC, at 3.

C.      Second petition for post-conviction relief

On September 20, 2010, Petitioner filed a second notice of PCR. Ex. S. On November 18, 2010, Petitioner filed his second petition for post-conviction relief in cause number CR-20080065, raising six grounds for relief. Ex. Z In his *pro se* PCR, Petitioner argued that (1) the state had violated its agreement not to allege prior convictions at

sentencing and (2) had violated its agreement to dismiss CR-20080113; (3) the factual basis determination was incorrect; (4) the trial court deviated from the terms of the plea agreement; (5) the trial court improperly imposed restitution; and (6) PCR counsel was ineffective in failing to diligently pursue these issues. Ex. Z. Petitioner requested that the trial court grant him relief and allow him to withdraw from the plea agreement. *Id*. The trial court found that the issue of whether the Petitioner is allowed to withdraw from his plea had been finally adjudicated on the merits on appeal and was therefore precluded under Rule 32.2(a)(2)[6], and not ripe under Rule 32.4(a) because the Petitioner had not yet been judged and sentenced. Ex. AA. Accordingly, the trial court denied the second PCR. *Id*.

On December 13, 2010, Petitioner filed a petition for review of the trial court's denial of his second PCR. Ex. BB. Petitioner argued that his claims should not be precluded because they had not been adjudicated on the merits. *Id*. at 2. In addition to the claim he had raised in the second PCR, that his first PCR counsel[7] was ineffective, Petitioner also argued that trial counsel was also ineffective for failing to object to five claims of trial error, and for advising Petitioner to plead guilty to the indictment knowing that the firearm did not function. *Id*. at 1, 4.

The appellate court granted review and relief in part in an opinion decision on March 31, 2011. Ex. FF. The appellate court found that Petitioner was precluded from

---

[6] Although the trial court cited to the Arizona Rules of Evidence, it is evident that the court intended to cite to Arizona Rules of Criminal Procedure.

[7] For clarification purposes, the Court notes that Petitioner refers to counsel representing him in his of-right PCR as "appellate counsel."

claiming the state breached its plea agreement by relying on his previous convictions when it argued in support of consecutive sentences because this allegation was encompassed by his previous claim raised in his of-right PCR. Ex. FF at ¶ 7, citing Rule 32.2(a)(2), Ariz.R.Crim.P. The appellate court also found Petitioner's claims that other errors occurred at his change-of-plea and sentencing hearings precluded, including his allegation that trial counsel was ineffective in omitting material information when providing the factual bases for Petitioner's guilty pleas, because they could have been raised in Petitioner's of-right PCR but were not. *Id*. at ¶ 8, citing Rule 32.2(a)(3). Finally, the appellate court addressed Petitioner's claim of ineffective assistance of PCR counsel, finding the claim was not precluded or premature. *Id*. at ¶¶ 9-10. Explaining that IAC claims should be addressed to the discretion of the trial court, the appellate court expressed no opinion on the merits of Petitioner's claim, and remanded the case for further proceedings. *Id*. at ¶¶ 12-13. After Petitioner filed his fourth PCR raising the same claims, the trial court addressed the appellate court's directions on remand in conjunction with consideration of the fourth PCR. *See* Section G, below.

### D.   Proceedings concerning cause number CR-20080113

On March 22, 2010, in response to a request from Petitioner to dismiss the charges under CR-20080113, the re-sentencing judge confirmed that, based on the Court's official AGAVE system, cause number CR 20080113 was dismissed with prejudice on November 14, 2008. Ex. W; Petition at 86, 88.

On July 15, 2010, after Petitioner filed a notice of PCR, and a motion to compel the judge to rule on the notice, seeking dismissal of the charges in CR 20080113, the re-

sentencing court recognized that the court's previous order, stating the charges had already been dismissed, was in error. Ex. X; Petition at 89, 94. The court granted Petitioner's motion to dismiss prosecution, and dismissed all charges in CR-20080113 with prejudice. Ex. X, at 2.

Additionally, the court granted a motion filed by Petitioner challenging the remittance of money seized under CR-20080113 to restitution, fines and fees in CR-20080065. *Id.*; *see* Petition at 81-84, 92-93. The court dismissed the notice of PCR as an improper vehicle for raising such claims because Petitioner had not been convicted under CR-20080113. *Id.*

> E.   Re-sentencing

On October 1, 2010, upon receipt of the mandate from the appellate court denying the petition for review from the first PCR, the trial court recused itself from any further proceedings, and the case was referred to a judge in another division for re-sentencing. Exs. T, U. On October 21, 2010, the re-sentencing judge denied Petitioner's motion to withdraw from the guilty plea, and, on November 4, 2010, denied a motion for reconsideration of that order.  Ex. V. On November 1, 2010, Petitioner filed a motion for a sentencing date and, on December 1, 2010, the trial court appointed counsel. *See* Ex. CC, at 2.

On June 29, 2011, the trial court granted Petitioner's request for change of judge, and motion to withdraw attorney, ordering appointed counsel to remain on as advisory counsel. Ex. GG. Petitioner was re-sentenced on November 14, 2011. Ex. JJ. Petitioner again moved to withdraw from the plea agreement based on the state's breach of the plea

agreement, the insufficiency of the indictment, and the failure of counsel and the court to advise him of restitution. *See* Ex. KK, R.T. 11/11/11, at 5-9. The trial court denied the motion. Ex. II. The court re-sentenced Petitioner, again imposing presumptive terms on all counts, with the counts arising from the first robbery to run consecutive to the counts arising from the second robbery. *See* Ex. JJ; Ex. KK, R.T.11/11/11 at 11-13. The court also ordered restitution to Wells Fargo Bank in the amount of $6,622.

### F.      Third petition for post-conviction relief

On January 25, 2011, Petitioner filed a notice of post-conviction relief. Ex. CC. Petitioner raised two issues in the PCR, filed on February 8, 2011: (1) the trial court should comply with the court of appeals mandate ordering the trial court to re-sentence the defendant; and (2) both PCR counsel were ineffective in their lack of diligence. Ex. DD. The trial court denied the PCR, noting that Petitioner was scheduled to be re-sentenced on February 28, 2011, and that as previously stated, Petitioner could not file a PCR at this time. Ex. EE.

### G.      Fourth petition for post-conviction relief

On August 5, 2011, Petitioner filed a fourth[8] PCR arguing that he should be permitted to withdraw from the plea agreement because (1) the state agreed to dismiss CR-20080113 at sentencing but did not; (2) the trial court incorrectly determined the factual basis for entry of the guilty plea; (3) the trial court deviated from the terms of the

---

[8] The newly assigned trial court, perhaps unaware of the petition filed on February 8, 2011 or because the trial court noted that Petitioner was not allowed to file a PCR at that time, refers to this petition in its ruling as the third PCR, though it is in fact the fourth.

- 10 -

plea agreement; (4) PCR counsel was ineffective in failing to diligently pursue these claims. Ex. HH. The newly assigned trial judge determined that the claims in this petition raised the same arguments as in the second PCR, and, based on the appellate court's ruling, considered only the claims "in relation to whether [Petitioner's] Rule 32 counsel was ineffective for failing to raise them in his first of-right petition. Ex. II at 2.  The trial court addressed Petitioner's IAC claims and found them meritless. *Id*. at 3-4

On November 18, 2011, Petitioner filed a petition for review of the trial court's denial of his PCR. Ex. LL. The court of appeals granted review but denied relief in a memorandum decision on March 15, 2012. Ex. MM. The appellate court found Petitioner's claim that he should be allowed to withdraw from the plea agreement because of the state's breach of the agreement precluded. *Id*. at ¶ 5, citing Rule 32.2(a)(3), Ariz.R.Crim.P. The appellate court found Petitioner's claim that the trial court improperly imposed restitution at his first sentencing as moot. *Id*. at ¶ 6. To the extent Petitioner was seeking to challenge the restitution ordered at re-sentencing, the appellate court found the claim non-cognizable because it could not characterize the petition below as a petition for PCR from his new sentence "because it would be impossibly premature." *Id*. Finally, as to the IAC claims Petitioner argued in his petition for review, the appellate court noted that Petitioner failed to explain how his "of-right Rule 32" counsel's performance fell below prevailing professional norms or how he was prejudiced by any purportedly deficient performance. *Id*. at ¶ 7, citing Rule 32.9(c)(1)(iv), Ariz.R.Crim.P. As to rulings on IAC by the trial court that Petitioner did not address on review, the appellate court declined to address them. *Id*. at ¶ 7, citing Rule 32.9(c)(1)(ii),

Ariz.R.Crim.P.

H.    Fifth petition for post-conviction relief

On February 17, 2012, Petitioner filed a notice of PCR. Ex. NN. On March 21, 2012, Petitioner filed his fifth PCR[9], arguing that he should be allowed to withdraw from his plea agreement because: (1) the trial court deviated from the stipulated terms of the plea agreement; and (2) the trial court improperly imposed restitution. Ex. NN. On June 6, 2012, the trial court summarily dismissed the fifth PCR, finding that the claims were precluded. *Id*. at 3, citing Rule 32.2(a), Ariz.R.Crim.P.  On June 18, 2012, Petitioner filed a petition for review of the trial court's summary dismissal of his fifth PCR. Ex. QQ. On September 13, 2012, the appellate court granted review of the petition, but denied relief in a memorandum decision. Ex. RR. The appellate court found that the Petitioner's claims relating to the state's failure to timely dismiss another indictment against him and the court's decision to dismiss the indictment and order re-sentencing were precluded. *Id*. at ¶ 4, citing Rule 32.2(a)(2), Ariz.R.Crim.P. The appellate court further found that Petitioner was not precluded from raising a claim about the propriety of the trial court's imposition of restitution at his re-sentencing, but found the claim meritless. *Id*. at ¶ ¶ 5 – 8. On February 12, 2013, the Arizona Supreme Court denied further review. Ex. SS.

I.    Federal habeas

Petitioner delivered his federal habeas petition to prison authorities on March 5,

---

[9] The trial court refers to this as his fourth PCR, while it is in fact Petitioner's fifth PCR.

2013. (Doc. 1) at 11.[10] Petitioner presents four grounds in the Petition in support of his request for habeas relief: In Grounds One, Two, and Three Petitioner alleges that his post-conviction relief counsel was ineffective in his of-right PCR proceedings, in violation of his Fifth, Sixth, and Fourteenth Amendment rights for, respectively: (1) failing to challenge the State's allegation that Petitioner had prior convictions during sentencing; (2) failing to argue that the State did not dismiss cause number CR-20080113; and (3) failing to challenge the restitution order. In Ground Four, he claims his Fifth, Sixth, and Fourteenth Amendment rights were violated when the trial court deviated from the plea agreement and denied his motion to withdraw from the plea agreement and his petition for post-conviction relief.

## II.      DISCUSSION

### A.      The petition is timely.

A one year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court. 28 U.S.C. § 2244(d)(1).

Under the AEDPA, a state prisoner must generally file a petition for writ of habeas corpus within one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of time for seeking such review[.]"  28 U.S.C. § 2244(d)(1)(A).  "The time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim

---

[10] Although this assertion is found at page eleven of the form Petition, because the pages of the Petition are distributed among the exhibits, it can most easily be found by reference to this Court's CM/ECF numbering system, at Doc. 1-7, p.19.

- 13 -

is pending shall not be counted toward any period of limitation[.]" 28 U.S.C. § 2244(d)(2).

Petitioner had until one year after his conviction and sentence became final to file his federal petition. Respondents do not contest the timeliness of the Petition. Upon review of the state-court record, the Court finds that, pursuant to the AEDPA, the Petition is timely.

### B.   The claims are procedurally defaulted.

A writ of habeas corpus may not be granted unless it appears that a petitioner has exhausted all available state court remedies. 28 U.S.C. § 2254(b)(1); *see also Coleman v. Thompson*, 501 U.S. 722, 731 (1991). To exhaust state remedies, a petitioner must "fairly present" the operative facts and the federal legal theory of his claims to the state's highest court in a procedurally appropriate manner. *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999); *Anderson v. Harless*, 459 U.S. 4, 6 (1982); *Picard v. Connor*, 404 U.S. 270, 277–78 (1971).

"To exhaust one's state court remedies in Arizona, a petitioner must first raise the claim in a direct appeal or collaterally attack his conviction in a petition for post-conviction relief pursuant to Rule 32 [Arizona Rules of Criminal Procedure]." *Roettgen v. Copeland*, 33 F.3d 36, 38 (9th Cir. 1994). The failure to exhaust subjects the Petitioner to dismissal. *Gutierrez v. Griggs*, 695 F.2d 1195 (9th Cir. 1983).

A habeas petitioner's claims may be precluded from federal review in two ways. First, a claim may be procedurally defaulted in federal court if it was actually raised in state court but found by that court to be defaulted on state procedural grounds. *Coleman*,

501 U.S. at 729–30. Second, a claim may be procedurally defaulted if the petitioner failed to present it in state court and "the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred." *Coleman*, 501 U.S. at 735 n. 1; *see also Ortiz v. Stewart*, 149 F.3d 923, 931 (9th Cir. 1998) (stating that the district court must consider whether the claim could be pursued by any presently available state remedy). If no remedies are currently available pursuant to Rule 32, the claim is "technically" exhausted but procedurally defaulted. *Coleman*, 501 U.S. at 732, 735 n. 1; *see also Gray v. Netherland,* 518 U.S. 152, 161-62 (1996).

In Arizona, claims not previously presented to the state courts on either direct appeal or collateral review are generally barred from federal review because any attempt to return to state court to present them would be futile unless the claims fit into a narrow range of exceptions. *See* Ariz.R.Crim.P. 32.1(d)-(h), 32.2(a) (precluding claims not raised on direct appeal or in prior post-conviction relief petitions), 32.4(a) (time bar), 32.9(c) (petition for review must be filed within thirty days of trial court's decision). Because these rules have been found to be consistently and regularly followed, and because they are independent of federal law, either their specific application to a claim by an Arizona court, or their operation to preclude a return to state court to exhaust a claim, will procedurally bar subsequent review of the merits of such a claim by a federal habeas court. *Stewart v. Smith*, 536 U.S. 856, 860 (2002); *Ortiz v. Stewart*, 149 F.3d 923, 931–32 (9th Cir. 1998) (Rule 32, Ariz.R.Crim.P. is strictly followed); *State v. Mata*, 185 Ariz 319, 334-35 (1996) (waiver and preclusion rules strictly applied in PCR proceedings).

1

2          Because the doctrine of procedural default is based on comity, not jurisdiction,

3   federal courts retain the power to consider the merits of procedurally defaulted claims.

4   *Reed v. Ross*, 468 U.S. 1, 9 (1984). However, the Court will not review the merits of a

5   procedurally defaulted claim unless a petitioner demonstrates legitimate cause for the

6

7   failure to properly exhaust the claim in state court and prejudice from the alleged

8   constitutional violation, or shows that a fundamental miscarriage of justice would result if

9   the claim were not heard on the merits in federal court. *Coleman*, 501 U.S. at 750.

10

11          Cause is defined as a "legitimate excuse for the default," and prejudice is defined

12  as "actual harm resulting from the alleged constitutional violation." *Thomas v. Lewis*, 945

13  F.2d 1119, 1123 (9th Cir. 1991); *see Murray v. Carrier*, 477 U.S. 478, 488 (1986) (a

14

15  showing of cause requires a petitioner to show that "some objective factor external to the

16  defense impeded counsel's efforts to comply with the State's procedural rule"). Prejudice

17  need not be addressed if a petitioner fails to show cause. *Thomas*, 945 F.2d at 1123 n.10.

18

19  To bring himself within the narrow class of cases that implicate a fundamental

20  miscarriage of justice, a petitioner "must come forward with sufficient proof of his actual

21  innocence" *Sistrunk v. Armenakis*, 292 F.3d 669, 672-73 (9th Cir. 2002) (internal

22

23  quotation marks and citations omitted), which can be shown when "a petitioner 'presents

24  evidence of innocence so strong that a court cannot have confidence in the outcome of

25  the trial unless the court is also satisfied that the trial was free of nonharmless

26

27  constitutional error.'" *Id.* at 673 (quoting *Schlup v. Delo*, 513 U.S. 298, 316 (1995)).

28

1

### 1.    Ground One

Petitioner asserts in Ground One of the Petition that counsel in his of-right PCR proceeding was ineffective for failing to argue that the state breached its agreement by arguing Petitioner's prior convictions at sentencing. Respondents assert that although Ground One is technically exhausted, it was not fairly presented to the Arizona Court of Appeals, and is thus procedurally defaulted. The undersigned agrees. Alternatively, the claim is without merit.

Petitioner first presented Ground One in his second PCR petition, which was denied by the trial court as precluded and not ripe for review. Ex. AA, at 2. Petitioner argued to the appellate court on review that he was not precluded from raising this IAC claim and that it was not immature. Ex. BB at 5. The court of appeals agreed and remanded for consideration by the trial court of Petitioner's first PCR proceeding IAC claims. (Ex. BB, at 5; Ex. FF, at ¶ 9 - ¶ 13.) Petitioner now argues that it is not procedurally defaulted because he argued the claim in his second petition, but the trial court failed to consider the issue as directed on remand. *See* Reply, at 2. Immediately after remand and reassignment of Petitioner's case to a different division, Petitioner filed a fourth petition re-alleging that his of-right PCR counsel was ineffective, but failed to argue the specific IAC issue raised in Ground One. *See* Ex. HH. Upon consideration, the trial court found all of the IAC claims raised in the petition without merit. The trial court stated that the second PCR and the fourth PCR raised the same claims. Ground One, however, was asserted in Petitioner's second PCR, but not the fourth PCR. Nonetheless, Petitioner did not raise the claim to the court of appeals upon review of the trial court's

denial of his IAC claims on the merits. Neither did Petitioner request that the trial court act on the mandate alone and issue a ruling on the Ground One issue raised in his second PCR. Petitioner's failure to re-raise the issue after remand prevented the appellate court from reviewing the claim, and thus the claim remained unexhausted. *Cf. Mehrok v. Holder*, 542 Fed.Appx. 610 (9th Cir. 2013).

Petitioner did not argue the IAC issue in Ground One in his petition for review from the fourth PCR, although he raised other IAC claims regarding his of-right PCR counsel. The court of appeals denied relief on review, stating it would decline to review any IAC claims that the Petitioner did not raise on review. Accordingly, the court declined to consider his arguments. (*Id.*, citing Ariz. R. Crim. P. 32.9(c)(1)(iv)). Therefore, this claim was not "fairly presented" to the Arizona Court of Appeals, and as a result, is technically exhausted but procedurally defaulted.

In Arizona, claims not previously presented to the state courts on either direct appeal or collateral review are generally barred from federal review because any attempt to return to state court to present them would be futile unless the claims fit into a narrow range of exceptions. *See* Ariz.R.Crim.P. 32.1(d)-(h), 32.2(a) (precluding claims not raised on direct appeal or in prior post-conviction relief petitions), 32.4(a) (time bar), 32.9(c) (petition for review must be filed within thirty days of trial court's decision). Petitioner's claim does not fit within any exception and, therefore, return to the state courts would be futile and the claim is barred from federal review. *Stewart*, 536 U.S. at 860; *Ortiz*, 149 F.3d at 931-32; *Mata*, 185 Ariz 319, 334-35. Thus, this claim is "technically exhausted" but procedurally defaulted. Because Petitioner has shown neither cause nor prejudice, nor

actual innocence, to excuse his failure to exhaust his claims in the state courts, this Court cannot address them. *Murray*, 477 U.S. at 488; *Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003).

Alternatively, even if the Court were to consider the merits of this claim, as Respondents correctly explain, Petitioner has failed to demonstrate any prejudice because any error Petitioner alleged occurred during sentencing, and subsequently any error that his PCR counsel failed to raise, was not present during re-sentencing. Accordingly, the Magistrate Judge recommends the District Court dismiss Ground One of the Petition as procedurally defaulted, or, alternatively, deny the Petition on the merits with respect to Ground One.

### 2.    *Grounds Two and Three*

Petitioner argues that his of-right PCR counsel was ineffective for not arguing that the state breached the terms of the plea agreement by failing to dismiss the pending prosecution in CR-20080113 (Ground Two) and for failing to argue that Petitioner did not agree to pay restitution to Wells Fargo Bank (Ground Three). Respondents argue that Petitioner failed to fairly present either of these claims to the court of appeals. Respondents are correct.

A petitioner satisfies the exhaustion requirement by fully and fairly presenting each claim to the highest state court. *See Insyxiengmay*, 403 F.3d at 668. For the purpose of exhausting state remedies, a claim for relief must include a reference to a statement of the facts in the state petition entitling the petitioner to relief. *Gray*, 518 U.S. at 162-63; *accord Picard*, 404 U.S. 270. A petitioner fully and fairly presents a claim to the state

courts if he presents the claim (1) to the correct forum, *see* § 2254(c); (2) through the proper vehicle, *see Castille v. Peoples*, 489 U.S. 346, 351(1989); and (3) by providing the factual and legal basis for the claim, *see Weaver v. Thompson*, 197 F.3d 359, 364 (9th Cir. 1999).

Though Petitioner referenced the trial court's ruling on his fourth PCR (Ex. HH), that Rule 32 counsel was not ineffective for failing to argue "that the state neglected to dismiss a pending case CR-20080113 at the time of sentencing which was one of the terms of the plea agreement," and "that the court improperly imposed restitution," ex. LL, at 2, the only argument Petitioner actually developed in his petition for review was that the state breached the plea agreement and thus Petitioner should be allowed to withdraw from the plea. *See id*. at 3. The court of appeals generously interpreted this as Petitioner's argument on review that his of-right PCR counsel was ineffective, but did not address the claim because Petitioner did not explain how counsel's performance fell below prevailing professional norms or how he was prejudiced by any purportedly deficient performance. Ex. MM, at 4 (citing Rule 32.9(c)(1)(iv) (Rule 32 petition shall contain the reasons why the petition should be granted). Petitioner presented no facts describing either claim of IAC, neither did Petitioner make clear the federal legal theory which formed the basis of his IAC claim. *See id*. at 2-3. "Federal courts of appeals refuse to take cognizance of arguments that are made in passing without proper development. State appellate courts are entitled to follow the same practice." *Johnson v. Williams*, --- U.S. ---, 133 S.Ct. 1088, 1095 (2013) (internal citations omitted). " The summary mention of an issue in a footnote, without reasoning in support of the appellant's argument, is insufficient to raise

the issue on appeal." *Hilao v. Estate of Marcos*, 103 F.3d 767, 778 n.4 (9th Cir. 1996)). Because Petitioner failed to present the operative facts, or indeed legal theory, of Grounds Two and Three to the state courts, the undersigned finds that Petitioner failed to fairly present Grounds Two and Three to the state courts.

In Arizona, claims not previously presented to the state courts on either direct appeal or collateral review are generally barred from federal review because any attempt to return to state court to present them would be futile unless the claims fit into a narrow range of exceptions. *See* Ariz.R.Crim.P. 32.1(d)-(h), 32.2(a) (precluding claims not raised on direct appeal or in prior post-conviction relief petitions), 32.4(a) (time bar), 32.9(c) (petition for review must be filed within thirty days of trial court's decision). Petitioner's claims do not fit within any exception and, therefore, return to the state courts would be futile and the claims are barred from federal review. *Stewart*, 536 U.S. at 860; *Ortiz*, 149 F.3d at 931-32; *Mata,* 185 Ariz 319, 334-35. These claims are "technically exhausted" but procedurally defaulted. Because Petitioner has shown neither cause nor prejudice, nor actual innocence, to excuse his failure to exhaust his claims in the state courts, this Court cannot address them. *Murray*, 477 U.S. at 488; *Peterson*, 319 F.3d at 1156. Accordingly, the Magistrate Judge recommends the District Court dismiss Grounds Two and Three of the Petition as procedurally defaulted.

### 4.    Ground Four

In Ground Four, Petitioner argues that the trial court violated his Due Process rights by deviating from the plea agreement at re-sentencing. Respondents assert that this claim is also procedurally defaulted. The undersigned agrees.

1   Petitioner raised this argument three times in his PCR proceedings. Ex. Z, at 6-7;

2   Ex. HH, at 5-6; Ex. OO, at 22-23. The trial court found the claim precluded, or refused to

3   address it because the court of appeals had found it precluded. Ex. AA, at 2; Ex. II, at 13;

4   Ex. PP, at 29. The court of appeals affirmed the trial court's preclusionary rulings on this

5   issue explaining that the claims, which were previously found waived, were precluded,

6   pursuant to Rule 32.2(a)(3): "[b]ecause these claims were not raised in Martinez's of-

7   right Rule 32 proceeding, they have been waived and are therefore precluded. Ex. FF, at ¶

8   8; Ex. MM, at ¶ 5; Ex. RR, at ¶ 4.

9

10   A federal claim is barred from review by procedural default if the last state court

11   rendering judgment on the claim "clearly and expressly" states that its ruling is based on

12   a procedural bar. *Harris v. Reed*, 489 U.S. 255, 264 (1989). The Arizona Court of

13   Appeals did so here. For a state procedural bar to constitute adequate and independent

14   grounds to support a federal court's finding of procedural default, the rule must be "clear,

15   consistently applied, and well-established at the time of the petitioner's purported

16   default." *Wells v. Maass*, 28 F.3d 1005, 1010 (9th Cir. 1994). Because Arizona's

17   preclusion rule (Rule 32.2(a)(3)) is both "independent" and "adequate," either its specific

18   application to a claim by an Arizona court, or its operation to preclude a return to state

19   court to exhaust a claim, will procedurally bar subsequent review of the merits of that

20   claim by a federal habeas court. *See Smith*, 536 U.S. at 860 (determinations made under

21   Arizona's procedural default rule are "independent" of federal law); *see also Ortiz*, 149

22   F.3d at 931–32 (9th Cir. 1998) (rejecting argument that Arizona courts have not "strictly

23   or regularly followed" Arizona Rule of Criminal Procedure 32); *Carriger v. Lewis*, 971

F.2d 329, 333 (9ᵗʰ Cir. 1992) (*en banc*) (rejecting assertion that Arizona courts' application of procedural default rules had been "unpredictable and irregular"); *Mata,* 185 Ariz 319, 334-35.

Therefore, because Petitioner's claim was procedurally defaulted on independent and adequate state law grounds, the Court will not review it. *See Coleman*, 501 U.S. at 729, ("This Court will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment."). Because Petitioner has shown neither cause nor prejudice, nor actual innocence, to excuse his failure to exhaust his claims in the state courts, this Court cannot address them. *Murray*, 477 U.S. at 488; *Peterson,* 319 F.3d at 1156. Accordingly, the Magistrate Judge recommends the District Court dismiss Ground Four of the Petition as procedurally defaulted.

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

1

### III.    RECOMMENDATION

2
3
The Magistrate Judge recommends that the Petition for Writ of Habeas Corpus
4
pursuant to 28 U.S.C. § 2254 (Doc. 1) be DENIED and DISMISSED WITH
5
PREJUDICE.

6
Pursuant to 28 U.S.C. §636(b), any party may serve and file written objections
7
within fourteen days after being served with a copy of this Report and Recommendation.
8
A party may respond to another party's objections within fourteen days after being served
9
10
with a copy thereof. Fed.R.Civ.P. 72(b). No reply to any response shall be filed. *See id*. If
11
objections are filed the parties should use the following case number: CV 13-0133-TUC-
12
JGZ.
13
If objections are not timely filed, then the parties' right to de novo review by the
14
15
District Court may be deemed waived.

16
Dated this 13th day of May, 2014.
17
18
19
_____
20
Bernardo P. Velasco
21
United States Magistrate Judge
22
23
24
25
26
27
28